**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-12-151-D |
| | ) | |
| RYAN ALAN FREEBURG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's *pro se* request for early termination of supervised release/probation [Doc. No. 107] and letter in support [Doc. No. 108], which is liberally construed to be a motion for early termination of supervised release under 18 U.S.C.§ 3583(e)(1). The government has filed its response in opposition. [Doc. No. 109]. The time to file a reply has lapsed. For the following reasons, the Court denies Defendant's request.

**BACKGROUND**

Since his sentencing on May 1, 2013, Defendant has moved the Court to vacate his sentence under 28 U.S.C. § 2255 [Doc. No. 51], filed an appeal with the Tenth Circuit appealing this Court's judgment [Doc. No. 58], moved for compassionate release four times [Doc. Nos. 67, 68, 72, 101], and moved for sentence modification [Doc. No. 93]. All of which have been unsuccessful. [*See* Doc. Nos. 56, 64–65, 70, 88, 100, 104]. Defendant now requests the Court terminate his term of supervised release early. [Doc. No. 107].

Defendant pled guilty in 2012 to possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1), for which the government sought an enhanced penalty

under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Defendant was sentenced in 2013 to a mandatory minimum prison term of 180 months under the ACCA, to be followed by a five-year term of supervised release.

## STANDARD OF DECISION

Under 18 U.S.C. § 3583, the Court has discretion to terminate a term of supervised release. *See also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). The Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Factors to be considered in making this determination include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> . . .
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
> (4) the kinds of sentence and the sentencing range established for . . .
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

28 U.S.C. § 3553.

## DISCUSSION

Upon consideration of the appropriate § 3553 factors in this case, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. In support of his request, Defendant submits that he has rebuilt his life and has a

"long-term record of rehabilitation, stability, and full compliance." [Doc. No. 107, p. 3]. The government submits that the United States Probation Office does not support early termination because he has only been on supervision a short period of time and he is categorized as an Armed Career Criminal. [Doc. No. 109].

The Court agrees with the Probation Office. Defendant has only been subject to supervised release since December 16, 2024. [Doc. No. 109]. At the time Defendant filed the instant motion, he had completed a little over one year of his five-year term of supervised release. *Id*. Currently, Defendant has not completed even half of the supervised release term. *See id*.

Further, Defendant has been convicted of multiple violent and serious drug crimes, as shown by the presentence report and his ACCA enhancement, and numerous firearm and alcohol- or drug-related offenses. One prior conviction involved kidnapping and physically attacking a female victim. Defendant engaged in the conduct in this case while he was under supervision in prior criminal cases. And as a firearm offender with a serious criminal history, his risk of recidivism remains statistically high. *See* U.S. Sentencing Comm'n, Recidivism Among Federal Firearms Offenders (June 2019), https://www.ussc.gov/research/research-reports/recidivism-among-federal-firearms offenders.

In support of his request, Defendant also explains that early termination would allow him to travel to Canada and Mexico for employment related opportunities. *Id*. However, it does not appear that the travel restrictions set forth in Defendant's supervision conditions impede his ability to maintain employment.

The Court commends Defendant for the progress he has made in rehabilitation and encourages him to continue his positive efforts and productive lifestyle. However, the Court is not convinced that early termination of Defendant's supervised release is warranted or that it would be in the interest of justice at this time.[1]

For these reasons, the Court declines to discharge Defendant from supervised release, and instead determines that he should remain under supervision at this time.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* request for early termination of supervised release [Doc. No. 107] is **DENIED** without prejudice to a resubmission in the future, if appropriate.

**IT IS SO ORDERED** this 12th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Defendant also re-urges the argument that he would no longer qualify as an ACCA offender under *Johnson v. United States*, 576 U.S. 591 (2015). [Doc. No. 107]. The Court declines to revisit this issue. [*See* Doc. No. 56].